UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HELIODORO VAZQUEZ, ) <br> ) <br> PLAINTIFF, ) <br> ) <br> v. ) <br> ) <br> NORTHLAND GROUP, INC. ) <br> and LVNV FUNDING LLC ) <br> ) <br> DEFENDANTS. ) | Civil Action No._____ <br><br><br><br><br><br><br><br> Jury Demanded |

## COMPLAINT

This is an action for damages brought by Plaintiff, Heliodoro Vazquez, by and through his attorney The Law Office of M. Kris Kasalo, Ltd., for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") and the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA").

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) of the FDCPA and 15 U.S.C. § 1681(p) of the FCRA..

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendants transact substantial business here.

## PARTIES

3. Plaintiff, Heliodoro Vazquez, ("Plaintiff") is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt. Plaintiff is a "consumer" as that term is defined by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq.

4. Defendant, Northland Group, Inc., ("Northland") is a corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. In fact, Northland was acting as a debt collector, as that term is defined by the FDCPA, as to the alleged delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant, LVNV Funding LLC ("LVNV") is a corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. In fact, LVNV was acting as a debt collector, as that term is defined by the FDCPA, as to the alleged delinquent consumer debt it attempted to collect from Plaintiff.

6. Both Northland and LVNV are licensed collection agencies in the State of Illinois.

7. Both Northland and LVNV conduct extensive and substantial business in Illinois.

**FACTUAL ALLEGATIONS**

8. At some time before January 2011, Plaintiff incurred a consumer debt arising out of a Sears Gold Mastercard credit card transaction or transactions, that was incurred for personal purposes ("alleged debt").

9. According to Defendants, sometime thereafter, the alleged debt went into default.

10. According to Defendants, the alleged debt was thereafter purchased by LVNV.

11. LVNV thereafter assigned the alleged debt to Northland for the purpose of collection from the Plaintiff.

12. Plaintiff does not owe the alleged debt, having previously either paid it in full or settled it on terms acceptable to the owner of the alleged debt.

13. Plaintiff owes no money to LVNV.

14. On March 24, 2011, Northland obtained Plaintiff's Experian credit report without a permissible purpose, in its attempt to collect the alleged debt.

15. On or around March 26, 2011, Northland sent Plaintiff a letter stating that LVNV is the creditor of the alleged debt, and that the amount due on the alleged debt is $167.03. (Exhibit A, Letter from Northland to Plaintiff dated March 26, 2011).

16. Contrary to the information contained on Northlands's letter sent to Plaintiff dated March 26, 2011, LVNV did not own the debt on that date, and thus was not the current "creditor" of the alleged debt as is stated on said letter.

17. As a debt collector, LVNV may be held vicariously liable for Northland's collection activity. (See *Fox v. Citicorp Credit Services, Inc*., 15 F.3d 1507 (9th Circ. 1994); *Pollice v. National Tax Funding, L.P*., 225 F.3d 379 (3rd Circ. 2000).

18. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I-FAIR DEBT COLLECTION PRACTICES ACT-<br>15 U.S.C. § 1692 *et seq.*—NORTHLAND and LVNV

19. Plaintiff re-alleges paragraphs 1-18 as if set forth fully in this count.

20. Defendants' violations of the FDCPA include, but are not limited to:

    A.    Defendants violated § 1692d when they oppressively attempted to collect the alleged debt from Plaintiff, who does not owe the alleged debt;

    B.    Defendants violated § 1692e when they deceptively continued to attempt collection of the alleged debt, via credit reporting, even after being informed in writing by Plaintiff that he did not owe the alleged debt;

    C.    Defendants violated § 1692e by misrepresenting that Plaintiff owed a debt that he did not owe;

    D.    Defendants violated § 1692e(2) by attempting to collect the alleged debt when LVNV did not own the alleged debt;

    E.    Defendants violated § 1692e(5) when they attempted to collect a debt from Plaintiff as he did not owe the alleged debt, and thus, collection of said alleged debt is an action that could not legally be taken by Defendants;

    F.    Defendants violated § 1692e(10) when they falsely represented that LVNV was the creditor of the alleged debt, when, in fact, it was not the creditor of the alleged debt;

    G.    Defendants violated § 1692e(10) by misrepresenting that Plaintiff owed a debt that he did not owe;

    H.    Defendants violated § 1692f by unfairly representing that LVNV was the creditor of the alleged debt, when, in fact, LVNV was not the creditor of the alleged debt;

    I.    Defendants violated § 1692f by unfairly attempting to collect the alleged debt from Plaintiff, who does not owe the alleged debt;

    J.    Defendants violated § 1692f(1) by attempting to collect an "Amount Due" from Plaintiff not authorized by the agreement creating the debt or permitted by law;

21.    As a result of Defendants' violations of the FDCPA, Plaintiff has suffered actual damages, including but not limited to emotional distress, irritation, feelings of hopelessness and helplessness, loss of sleep, anxiety, fear, worry, depression, and is thus entitled to an award of actual damages, statutory damages, costs and reasonable

attorney fees.

**REQUEST FOR RELIEF-FDCPA**

WHEREFORE, Plaintiff requests that judgment be entered in his favor against Defendants for the count alleged above for:

    A.    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    B.    Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

    C.    Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

    D.    Such other or further relief as the Court deems proper.

**COUNT II-FAIR CREDIT REPORTING ACT-
15 U.S.C. § 1681 *et seq.*—NORTHLAND**

22. Plaintiff re-alleges paragraphs 1-21 as if set forth fully in this count.

23. Northland is a "user" as that term is understood under the FCRA.

24. Northland violated the Fair Credit Reporting Act, 15 U.S.C. § 1681b(f), by obtaining Plaintiff's Experian credit report for an impermissible purpose. Specifically, Northland did not have a permissible purpose to obtain Plaintiff's credit report during the course of its attempts to collect the alleged debt because Plaintiff did not owe the alleged debt Northland was attempting to collect.

25. Northland violated the Fair Credit Reporting Act, 15 U.S.C. § 1681b(f), by falsely certifying to Experian, when obtaining Plaintiff's Experian credit report, that the purpose for which the report would be used was permissible, when in fact it was not.

26. Northland committed such violations willfully or negligently, thereby violating 15 U.S.C. § 1681n or § 1681o.

27. As a result of Defendant's violations of the FCRA, Plaintiff has suffered

actual damages, including but not limited to emotional distress, irritation, feelings of hopelessness and helplessness, loss of sleep, anxiety, fear, worry, depression, and is thus entitled to an award of actual damages, statutory damages, costs and reasonable attorney fees.

## REQUEST FOR RELIEF-FCRA

WHEREFORE, Plaintiff requests that judgment be entered in his favor against Defendants for the count alleged above for:

A. Appropriate actual, punitive, and statutory damages pursuant to 15 U.S.C. § 1692*o*;

B. Plaintiff's attorney fees, litigation expenses and costs of suit pursuant to 15 U.S.C. § 1692*o*;

C. Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/ Mario Kris Kasalo
Mario Kris Kasalo

The Law Office of M. Kris Kasalo, Ltd.
"A Consumer Protection Law Firm"
1800 West Roscoe Street, Suite 409
Chicago, Illinois 60657
Tel  312.450.7849
Fax  312.698.5054
mario.kasalo@kasalolaw.com